IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Joseph Slovinec, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 4124 |
| ) | |
| ) | Judge Mark Filip |
| Illinois Dept. of Human Services, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This Court previously dismissed the complaint of *pro se* plaintiff, Joseph Slovinec, Jr. ("Slovinec" or "Plaintiff"), against various Illinois state agencies without prejudice to his ability to refile. (D.E. 136.) Following that dismissal, Slovinec again brought claims against the Illinois Department of Human Services ("IDHS"), the Illinois Labor Relations Board ("ILRB"), and what he describes as the "Illinois Skills Match." (D.E. 149 at 1.) The "Illinois Skills Match" does not appear to be a legal entity, but rather is a computer jobs-match program offered by the Illinois Department of Employment Security ("IDES") and possibly IDHS.

As before, the pleadings of Slovinec, an experienced *pro se* litigator, are often difficult to follow. Nonetheless, reading Plaintiff's amended complaint and related pleadings generously, it appears he may be attempting to allege the following claims: (1) reverse race discrimination (presumably under Title VII); (2) violations of the Fourteenth Amendment of the United States Constitution; (3) violations under Sections 211(c) and 215 of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*; (4) violations of Plaintiff's right to free speech and free association under the First Amendment (D.E. 163); (5) violations of 42 U.S.C. § 1396; (6) violations of 5 U.S.C. § 552

(more commonly known as "FOIA"); and (7) a variety of state law claims. Defendants move under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion") to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. (D.E. 159.) As explained below, the Motion is granted. In accordance with this Court's admonition in its earlier ruling (D.E. 136), Slovinec's complaint is dismissed with prejudice.

I. BACKGROUND AND PROCEDURAL HISTORY

A. Factual Background

On July 1, 1999, the IDHS hired Slovinec, a white male, as a probationary trainee. (D.E. 149 at 6.)[1] He was hired as a social services career trainee for Medicaid patients at the Nursing Home Services Office. (*Id.*; D.E. 136 at 10.) During the following year, Plaintiff was a Medicaid caseworker for five nursing homes. (D.E. 149 at 6.) Slovinec completed seven of eight job objectives, receiving mostly favorable ratings from his supervisor, Cynthia Faleti ("Faleti"). (D.E. 136 at 10.) With respect to the eighth objective—"demonstrat[ing] the ability to maintain a harmonious working relationship with clients and/or representatives, co-workers, and community agencies"—Slovinec failed. (*Id.* at 8; D.E. 136 at 10.) According to Slovinec, this negative rating comes from comments Plaintiff made regarding "delays of Plaintiff's co-workers like not entering work before he started July 1, 1999, violations of 'promptness'." (D.E. 149 at 9.) Plaintiff asserts that Faleti wrote that "Mr. Slovinec displays poor judgment in his

---

[1] Plaintiff's statement of facts in his most recent complaint (D.E. 149) is often difficult to follow. Because the Court has already set forth the factual background in its April 30, 2004 opinion, and because Slovinec's filings in this Court after that dismissal (indeed, throughout the entire history in this case—before Judge Norgle, this Court, and Magistrate Judge Nolan) are largely duplicative discussions of the same events, the Court refers to the April 30, 2004 opinion when necessary for clarity. The Court also incorporates by reference, as indicated, its prior legal analysis of Slovinec's claims when they are duplicated in the amended complaint.

2

approach to identifying and handling mistakes which are common to the job. Even though Mr. Slovinec has been reminded that mistakes happen despite our best efforts, his approach is to recommend the involvement of the local office administrator, or to view situations as being fraudulent or even to make reports and accusations of unauthorized use of his #ID and SS# by unknown individuals." (*Id.* at 10.)

The IDHS denied Slovinec a permanent position when his one-year training program as a probationary employee ended, thus terminating his employment. (D.E. 136 at 10-11.) At the same time, the IDHS offered positions to Slovinec's two fellow trainees—both African-American women. (*Id.* at 11.) After filing a complaint with the ILRB which was dismissed on April 30, 2002, Plaintiff filed for unemployment benefits and registered with the Illinois Skills Match, a computer program that attempts to match job applicants with interviews for employment opportunities. (*Id.*) Slovinec received notice of a job opportunity, but this was apparently due to computer error, because he did not qualify for the job. (*Id.* at 11-12.) On June 7, 2002, Slovinec filed his first suit concerning these matters in this Court. (*Id.*)

B.  Procedural History

The Court will briefly recount only the recent procedural history of this case, as the extended history was discussed in the April 30, 2004 opinion (D.E. 136), which granted Defendants' motion to dismiss Plaintiff's complaint. In that April 30, 2004 opinion, the Court admonished Slovinec that another complaint that was based on claims upon which relief could not be granted would result in a dismissal with prejudice: "Plaintiff will be given one final opportunity to amend his claims." (*Id.* at 2.) On June 3, 2004, during a subsequent status hearing and before Plaintiff filed his amended complaint, the Court further counseled Slovinec

that he should include all of his claims and allegations in any amended complaint. This directive was issued because consideration of Slovinec's prior complaint had been materially complicated by Slovinec's practice of filing literally dozens of documents, both in this Court and before Judge Nolan, in which he informally discussed his case and claims. (In these filings, Slovinec also discussed many other topics—such as, for example, his attempts to have various government officials, such as the United States Attorney General, get involved in his case.) The Court noted then, as it recognizes now, that although Plaintiff is proceeding *pro se*, he has an undergraduate degree from DePaul University, two Master's Degrees, and has attended one year of law school at DePaul. (*Id.* at 2 n.1; *see also Slovinec v. DePaul Univ.*, 332 F.3d 1068, 1068 (7th Cir. 2003).) Since the motion to dismiss, Plaintiff has filed approximately forty-four documents, requests, and notices, most of which are unsolicited and, with all respect, are of no apparent relevance to the case.[2] These filings are discussed, to the limited extent relevant, in the treatment of the issues pending before the Court.

On June 22, 2004, Plaintiff submitted an amended complaint. (D.E. 149.) As best as the Court can tell, Plaintiff essentially offers again the same claims he did in his prior complaint. In addition, he has added claims that: (1) the ILRB violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, when the Board "[p]ublished names and bank accounts, personal information of several patients without their written consent" (D.E. 149 at 17); (2) the ILRB

---

[2] For example, on September 1, 2004, Plaintiff attempted to file a document entitled "Request to Include Lisa Madigan's Campaign Promises in Court File" (D.E. 161); on September 27, 2004, Plaintiff filed an amended motion seeking a protective order "for fraudulent entry on computer by unknown hacker against wishes of both Nursing Homes and plaintiff" (D.E. 175); and on January 6, 2005, Plaintiff filed a notice of filing of a "complete copy of exhibit 22, Paul's motion to dismiss for defendants, from Home Collection" (D.E. 198).

violated the Fair Labor Standards Act, 29 U.S.C. § 202, *et seq.* (specifically Sections 211(c) and 215) ("FLSA") by placing improper information in Plaintiff's file; (3) Defendants violated 42 U.S.C. § 1396, the Medicaid Act; and (4) Plaintiff's rights under the First Amendment were infringed (D.E. 163 at 1). The First Amendment claim, previously unplead in any of Plaintiff's filings, appears in one of the documents Slovinec filed between the time Defendants filed their motion to dismiss and their reply—specifically in Slovinec's "unilateral joint statement for Judge Filip and Cook County Judge McDonald in Cook Count Case 04 L 8347." (D.E. 163.)[3] Given Slovinec's *pro se* status, the Court will read his filing generously and analyze whether it might state any cognizable claim. Slovinec seeks over $200,000 in damages. (D.E. 149 at 3.)

## II. STANDARD OF REVIEW

Defendants have moved to dismiss Plaintiff's claims under both Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) provides a defendant a procedural vehicle by which the defendant may move a federal court to dismiss a claim or suit on the ground that the court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion can present either a facial or factual challenge to subject-matter jurisdiction. *See United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc); *Friend v. Ancillia Sys., Inc.*, 68 F. Supp. 2d 969, 971 (N.D. Ill. 1999). Under either type of challenge, "[t]he burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *United Phosphorus*, 322 F.3d at 946.

---

[3] Neither Slovinec's "unilateral joint statement," nor his "concluding arguments before Sept. 13: Perritt Book, Talk of County Trial and Retired Witnesses, and Additional Issues" (D.E. 169) are styled as a response to Defendants' Motion. However, the Court has attempted, in recognition of Slovinec's *pro se* status, to treat the two filings as responsive to the Motion.

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted." *Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001). When considering the motion, the court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from the facts in the light most favorable to the plaintiff. *Arazie v. Mullane*, 2 F.3d 1456, 1465 (7th Cir. 1993). However, the court should not strain to find inferences not plainly apparent from the face of the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Dismissal for failure to state a claim is not appropriate unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lee v City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Given the few differences between Plaintiff's first complaint and the amended complaint, the Court reaffirms its statement from the opinion granting Defendants' motion to dismiss Plaintiff's first complaint:

> . . . Slovinec's complaint and accompanying documents are not models of clarity. Indeed, the Court has found it challenging to sort out the properly pleaded factual allegations in Slovinec's complaint. [ . . . . ]
>
> Nonetheless, the Court recognizes Slovinec's *pro se* status in this case and is mindful of its obligation to construe his complaint generously. See *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (directing that *pro se* complaints shall be generously construed and "are entitled to less stringent scrutiny than those prepared by counsel"). Furthermore, in deciding Defendants' motion to dismiss, the Court will consider the allegations contained not only in Slovinec's complaint, but also those contained in his response and other filings. See *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992) (indicating that the court may look to other materials filed by a *pro se* plaintiff to evaluate the sufficiency of the complaint).

(D.E. 136 at 13-14.)

III. DISCUSSION

A. First Amendment Claim

Plaintiff attempts to make a First Amendment claim in his recent filings. There appear to be two potential grounds for his claim. First, Slovinec may be claiming that his First Amendment rights were violated based on union activity. Apparently, his rights were allegedly violated either when he was discharged for associating with the union, or when he had a request denied to have a union representative present when he was informed that his employment would not extend beyond the probationary period. (As Defendants note, as a probationary employee, Plaintiff was likely not covered under the collective bargaining agreement and had no union rights. (D.E. 171 at 4 n.2; *see also* D.E. 136 at 20 n.6 (discussing ILRB ruling).)) Second, Slovinec perhaps contends argues that he was fired because of his political affiliation. (D.E. 163 at 2.) In any event, regardless of what, if any, First Amendment claim Plaintiff purports to advance, such a claim does not survive the Defendants' motion to dismiss.

    1. The applicable statute of limitation bars any First Amendment claim.

First, precedent teaches that the First Amendment does not independently create a private cause of action. Therefore, Slovinec must proceed under 42 U.S.C. § 1983 to assert any First Amendment claims against Defendants. *See, e.g., Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 732 n.3 (7th Cir. 1994) ("Congress has provided a means to vindicate [Fourteenth Amendment] rights in 42 U.S.C. § 1983."); *Coffey v. Cox*, 218 F. Supp. 2d 997, 1003 (C.D. Ill. 2002) ("[I]n order to bring a . . . claim under the First Amendment, a due process claim under the Fourteenth Amendment, or an equal protection claim under the Fourteenth Amendment, a would-be plaintiff must use the statutory mechanism of 42 U.S.C. § 1983."). This alone dooms

any First Amendment claim of Slovinec (as well as his various potential Due Process and Equal Protection claims, as discussed further below) because of the applicable statute of limitations.

In Illinois the statute of limitations for Section 1983 claims is two years. *See, e.g., Smith v. City of Chicago Heights*, 951 F.2d 834, 836-37 n.1 (7th Cir. 1992). The latest Plaintiff's cause of action could have accrued would have been the day of his termination, June 30, 2000, and he filed his most recent complaint—the one upon which this opinion is based—on June 22, 2004. (D.E. 149.) Consequently, a First Amendment claim is time-barred.

To the extent Slovinec might argue that the limitations period should have been tolled by the filing of his first complaint and its resulting dismissal, this argument is incorrect. Seventh Circuit precedent teaches that "if the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000). In other words, "a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed. . . ." *Id.*; *see also Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 923 (7th Cir. 2003) ("A dismissal without prejudice is treated for statute of limitations purposes as if suit had never been filed."); *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002); *Brown v. Illinois Dept. of Public Aid*, 318 F. Supp. 2d 696, 699 (N.D. Ill. 2004) ("The 90-day time limit was unaffected by that complaint, as it was dismissed without prejudice."); *Shaffer v. Combined Ins. Co. of America*, No. 02 C 1774, 2003 WL 22715818, at *2 (N.D. Ill. Nov. 18, 2003) ("[A] suit dismissed without prejudice is treated for statute of limitations purposes as if it has never been filed."). Furthermore, Slovinec never even raised a First Amendment argument in his first

complaint; his first potential First Amendment claim came on June 22, 2004. Therefore, Slovinec's First Amendment claim is barred by the two-year statute of limitations applicable to Section 1983 suits in Illinois.

        2.      The Defendants Are Not "Persons" Within the Meaning of Section 1983.

Even if the claim were not barred by the applicable statute of limitations, Slovinec's claim could not be brought in any event. Section 1983 specifies that a "person" acting under color of the law can be held liable for depriving a person of any of a variety of constitutional rights, privileges, or immunities. *See* 42 U.S.C. § 1983. As the Court explained at length in its earlier opinion, precedent teaches that neither a State nor a State agency is a "person" for purposes of Section 1983. *See, e.g., Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *see also* D.E. 136 at 17. All Defendant organizations are Illinois state agencies. *See* D.E. 136 at 17-18.[4] Therefore, Slovinec cannot sue the IDHS, the ILRB, the IDES, or its ISM computer program under Section 1983, because none of these entities is a "person" within the meaning of Section 1983.[5]

---

[4] Early in his amended complaint, Slovinec makes a passing reference to several individuals affiliated with the IDHS and ILRB under the heading "on list of persons." (D.E. 149 at 2.) The Court does not consider them to be defendants in this case. First, Slovinec refers to at least some of the individuals as "witness[es]," not as putative defendants. (In fact, he never refers to any of the individuals as "defendants.") Second, it appears that Plaintiff has never served any of these individuals. Finally, to the extent Slovinec wanted to add the people, as individuals, to his complaint as defendants, applicable statutes of limitations bar him from doing so. All of the statute of limitations problems explained herein apply equally to the parties referenced on page two of Plaintiff's amended complaint.

[5] The Court notes that Slovinec's suit is also likely barred by the Eleventh Amendment. For the various reasons explained above, the Court dismisses Plaintiff's complaint on other grounds and adheres to the Supreme Court's teaching in *Vermont Agency of Nat'l Res. v. United States ex rel. Stevens*, 529 U.S. 765 (2000), that a Court should resolve the propriety of a suit under a statute such as Section 1983 before addressing Eleventh Amendment defenses that are

### B. Fourteenth Amendment Claims

In Plaintiff's amended complaint, he alleges that the ILRB's violations of Plaintiff's "14th Amendment due process rights were severe enough to merit federal court attention: substantive due process rights were violated when Board in essence refused to correct false statements Board made without required supporting written evidence in 5 ILCS 315/11, and procedural due process rights were violated when board refused to invite Plaintiff to a hearing to talk to them at any time after the case started in August 2000 . . . ." (D.E. 149 at 14-15.) Both claims are unavailing.[6]

#### 1. Procedural Due Process

The Court has already addressed this issue in its opinion of April 30, 2004. *See* D.E. 136 at 19-20. Plaintiff has offered nothing to change the Court's analysis or conclusions. Plaintiff's procedural due process claim is dismissed with prejudice.

#### 2. Substantive Due Process

When Slovinec makes his passing reference to substantive due process, it appears that Slovinec clearly is not using the term as it ordinarily is understood in the law, but rather is using the term to refer to a situation where he believes an error of state law has occurred. It is well

---

asserted. *See* D.E. 136 at 18 n.5.

[6] Slovinec cites *Dupuy v. McDonald*, 141 F. Supp. 2d 1090 (N.D. Ill. 2001), in an apparent attempt to establish the propriety of his suit. *Dupuy* has limited relevance to this case, but to the extent it is germane, it cuts against Plaintiff's position. *Dupuy* was a case against a public official in his official capacity, and sought only injunctive relief, and *Dupuy* explained that the case accordingly was not barred by the Eleventh Amendment. *See id.*, 141 F. Supp. at 1131 n.18 ("Official capacity suits like this one . . . that seek only injunctive relief . . . are not forbidden by the Eleventh Amendment."). Slovinec here seeks over $200,000 in damages. *Dupuy* also did not involve the statute of limitations issues relevant here.

settled that an error of state law is not a violation of the federal Due Process Clause, such that every error of state law would also be a federal constitutional violation. *See, e.g., Jones v. Thieret*, 846 F.2d 457, 459 (7th Cir. 1988) (error of state law is not equivalent to a federal due process violation). Moreover, even if Slovinec had somehow attempted to allege a substantive due process violation, it would be barred for multiple, independent reasons, as set forth above concerning the applicable statute of limitations and the fact that a State is not a person for purposes of Section 1983.

    3.  Equal Protection

To the extent Slovinec advances an Equal Protection claim, it is likewise barred. Such a claim is barred because States and State agencies are not "persons" within the meaning of Section 1983. Any such claim is also barred by the two-year statute of limitations applicable to actions arising under Section 1983.

  C.  Fair Labor Standards Act, 29 U.S.C. § 202, *et seq.*

Plaintiff raises (for the first time) a claim under the Fair Labor Standards Act, 29 U.S.C. § 202, *et seq.*—specifically under Sections 211(c) and 215 of the FLSA. (D.E. 149 at 4.) Slovinec apparently believes these violations arise from a member of the ILRB keeping "willful and wanton malicious false records which claimed Plaintiff Slovinec did unannounced inspections." (*Id.*) These alleged false records apparently mention Slovinec's behavior during off-duty hours, and perhaps state that Slovinec attempted to make unauthorized, unscheduled "inspections" of his assigned nursing homes during non-work hours. (*Id.*)

Slovinec's FLSA claim appears to be substantively baseless. Regardless of the merits, however, it is barred by the statute of limitations applicable to FLSA claims. The FLSA sets the

11

limitations period as no longer than three years. *See* 29 U.S.C. § 255(a); *accord, e.g., Adams v. United States*, 391 F.3d 1212, 1214-15 (Fed. Cir. 2004) ("Actions at law brought under the FLSA are subject to . . . a two-year limitations period for cases in which the FLSA violation is non-willful and a three-year period where the violation is willful."). Plaintiff's FLSA cause of action was first brought in the amended complaint (D.E. 149 at 4), which was filed on June 22, 2004. The latest the cause of action would have accrued would have been upon Plaintiff's termination: on June 30, 2000.

Even assuming that: (1) the Defendants committed FLSA violations; (2) those violations were willful, thus triggering the three-year statute of limitations under the FLSA; and (3) the FLSA otherwise applies, Slovinec's FLSA claim is time-barred if brought after June 30, 2003. The FLSA claim in the instant case was filed almost one year later, and is thus untimely.

D.   Medicaid Act Claims: 42 U.S.C. § 1396

Plaintiff contends that Defendants failed to observe the standards of the Medicaid Act, 42 U.S.C. § 1396—specifically, subsections (a) (discussing what a state plan for medical assistance must do to be eligible for federal grants), (b)(u) (concerning "Limitation of Federal financial participation in erroneous medical assistance expenditures"), and (r) (discussing the requirements for nursing facilities)—thus violating Section 1396(r) of the Act and a number of state laws. Given the context of Slovinec's references to Section 1396(r) (See D.E. 149 at 10), the Court speculates that the particular portion of Section 1396(r) Slovinec alleges was violated is subsection (c)(2)(B)(i):

> In general[, b]efore effecting a transfer of discharge of a resident, a nursing facility must—
>
> > (I) notify the resident (and, if known, an immediate family member of the resident

> or legal representative) of the transfer or discharge and the reasons therefor,
> (II) record the reasons in the resident's clinical record (including any
> documentation required under subparagraph (A)), and
> (III) include in the notice the items described in clause (iii).

42 U.S.C. §1396r(c)(2)(B)(i).

Plaintiff is unable to succeed on this claim for at least two reasons. First, he does not have standing to bring the claim. Slovinec appears to be trying to assert the rights of nursing home residents: he argues that Section 1396(r) was violated when Therese Skrandel was "fraudulently discharge[d]" from Columbus Manor, one of the nursing homes for which Plaintiff was a probationary case manager, without the requisite documentation for discharge being provided. (D.E. 149 at 10.) Plaintiff has suffered no cognizable injury from this discharge, and he has alleged no series of facts that would enable this Court to conclude he would otherwise have standing to assert Ms. Skrandel's claim for her. Second, and independently, Plaintiff has failed to point to any authority to suggest that Section 1396 provides a private right of action for his putative claims. *See, e.g., Carroll v. Butterfield Health Care, Inc.*, No. 02 C 4903, 2003 WL 22462604, at *3 (N.D. Ill. Oct. 29, 2003) ("[T]he Medicaid Act does not provide for a private right of action.") (citation omitted); *Wilson-Coker v. Thompson*, 222 F. Supp. 2d 190, 195-196 (D. Conn. 2002) ("[T]he plaintiff-intervenors have failed to point to any authority within the Medicare or Medicaid Acts . . . that provides for a private right of action in federal court on their claims against the State plaintiffs. Additionally, even assuming the plaintiff-intervenors had brought their claims pursuant to § 1983, the Court concludes that the provisions of the Medicaid and Medicare Acts cited by the plaintiff-intervenors do not confer upon them any federal right enforceable through § 1983."); *Brogdon v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1330-

31 (N.D. Ga. 2000) (collecting numerous cases and stating that "the Medicare and Medicaid Acts do not authorize private causes of action . . . ."). The Court therefore grants Defendants' Motion and dismisses with prejudice any Medicare Act "claims" in Plaintiff's amended complaint.[7]

E.  Freedom of Information Act: 5 U.S.C. § 552

Plaintiff suggests that a member of the ILRB violated Section 552 ("FOIA") when he "listed private information like bank accounts of patients in public records." (D.E. 149 at 6.) Presumably, Slovinec seeks to invoke 5 U.S.C. § 552(b), which provides exemptions to the government's FOIA disclosure requirements. Sub-section (b) states that FOIA does not apply to certain matters, including "personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6).

This claim is fatally flawed for multiple, independent reasons. As with Slovinec's purported claim under the Medicaid Act, Slovinec attempts to assert the rights of nursing home patients, which he cannot do; he does not have standing to bring this claim. Furthermore, FOIA has no application to the States or to state governments. *See McDonnell v. United States*, 4 F.3d 1227, 1249 (3d Cir. 1993); *Davidson v. Georgia*, 622 F.3d 895, 897 (5th Cir. 1980); *Lathrop v. Juneau & Assocs.*, 220 F.R.D. 322, 329 (S.D. Ill. 2004). Finally, Plaintiff misconstrues the

---

[7] Slovinec also references federal criminal statutes in his amended complaint. These statutes do not assist Slovinec. For example, 18 U.S.C. § 1001, which concerns false statements to federal officials, is inapt because a private litigant like Solvinec cannot prosecute a criminal offense such as a Section 1001 violation: it does not confer a private right of action. *See Fed. Sav. and Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137 n.9 (4th Cir. 1987); *O'Donnell v. City of Chicago*, No. 02 C 1847, 2003 WL 1338027, at *4 (N.D. Ill. Mar. 17, 2003). Likewise, Slovinec's reference to 18 U.S.C. § 1035 is similarly misplaced. Section 1035 concerns knowingly or willfully falsifying or concealing matters involving a health care benefit program, and it subjects violators to a fine and/or imprisonment. 18 U.S.C. § 1035(a)(2). It does not provide a private right of action, either. (The Court further notes that Slovinec does not attempt to allege any civil RICO claim.)

14

meaning of subsection (b). Section (b) of FOIA provides a series of exemptions to the general disclosure requirements applicable to otherwise-appropriate FOIA requests, not an independent ground to prevent disclosure or to give a cause of action for Slovinec to complain about disclosure of *other* people's information. *See Chrysler Corp v. Brown,* 441 U.S. 281, 316-17 (1979); *Ivanhoe Citrus Assoc. v. Handley,* 612 F. Supp. 1560, 1564 (D.D.C. 1985) ("Merely because certain materials are exempt under FOIA does not impose on the agency an affirmative duty to withhold the information."); *Assoc. Dry Goods Corp. v. EEOC,* 419 F. Supp. 814, 821 (E.D. Va. 1976) ("The Freedom of Information Act, however, cannot be said to create a cause of action to prevent disclosure of government information."). For all of these reasons, the claim is dismissed with prejudice.

F. Reverse Race Discrimination

The Court has already dealt with this issue, and it does not do so again, as the claim remains meritless. See D.E. 136 at 14-16. Any reverse discrimination claim (under Title VII) is dismissed with prejudice.[8]

G. State Law Claims

Slovinec references several putative state law claims against the IDHS and ILRB throughout his amended complaint and filings. These include a state defamation claim and various alleged statutory violations. As discussed in the April 30, 2004 opinion, because all claims that ground federal court jurisdiction in the first instance have been dismissed with prejudice, the only way the Court could exercise jurisdiction over Slovinec's remaining state law

---

[8] The Court considers Slovinec to have waived any arguments not made in response to the motion to dismiss the amended complaint. *See generally United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991).

claims is under 28 U.S.C. § 1367(a), which gives a federal court discretion to exercise supplemental jurisdiction over state law claims. *See* D.E. 136 at 26-27. The general practice in this circuit is not to exercise jurisdiction over such claims where, as here, all federal jurisdictional claims have been dismissed and only state law claims remain. *See, e.g., Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). The Court respectfully declines to exercise supplemental jurisdiction over Slovinec's state law claims. *See, e.g., Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 728 (7th Cir. 1998) (teaching that such a declination of supplemental jurisdiction is "almost unreviewable") (internal quotation and citation omitted). If Slovinec desires to pursue his various state law claims, he should do so in the courts of the State of Illinois.

IV. CONCLUSION

The Court notes that Slovinec has requested a stay of proceedings until early March 2005, when he apparently will return from out of town. (D.E. 203 at 1.) Slovinec appears to have requested the stay because he would be unable to participate in any discovery while he is out of the area. Because his case is dismissed with prejudice (at least as to all putative federal claims), Plaintiff's motion is denied as moot. For the reasons set forth above, Defendants' motion to dismiss with prejudice all federal claims is granted. Slovinec's state law claims are dismissed without prejudice and he may pursue them, if he chooses, in state court.

So Ordered.

*Mark Filip*
Mark Filip
United States District Judge
Northern District of Illinois

Dated: February 22, 2005

16